### UNITED STATES TRUST CO. *v.* STANTON *et al.*

*(Supreme Court, General Term, Second Department.   February 12, 1890.)*

**1. LIMITATION OF ACTIONS—RUNNING OF STATUTE—PART PAYMENT.**
    An indorsement of part payment, made 19 years 11½ months before action brought on a bond which has been due for more than 20 years, will not remove the bar of the 20-year limitation, where the person who made the indorsement does not remem-ber that he received the payment, but simply infers the fact from the indorsement.

**2. MORTGAGES—PAYMENT—SERVICES OF MORTGAGOR.**
    On foreclosure of a mortgage belonging to a decedent's estate, testimony of the mortgagor that he had been retained by the executors during four years as counsel for the estate, coupled with testimony that after the services had been performed no demand for payment of the mortgage was made for nearly 20 years, is strong evidence that the services were regarded as applied on the mortgage.

Appeal from special term, Kings county.
Foreclosure by the United States Trust Company, as substituted trustee under the will of Gilbert W. Bowne, deceased, against Philip V. R. Stanton, Adelaide B. Stanton, and others.   The mortgage and bond were executed May 19, 1862, by Stanton and wife, to secure the payment of $2,500 to John Leveridge and Harmanus B. Duryea, as executors of deceased, and was pay-able a year after date.   The executors having died, plaintiff was appointed substituted trustee.   The action was begun October 10, 1887; and defendants set up, *inter alia*, the defense of the statute of limitations and also of pay-ment.   The bond bore an indorsement of a payment of $87.50, made October 23, 1867.   George P. Leveridge, a son of one of the executors, testified that he received the money, and that it was for six months' interest.   On his cross-examination, however, he admitted that it was only from the bond, or from his indorsement on the bond, that he knew payment had been made; that all he recollected was that he made the indorsement, but did not recollect whether or not the money had been given to him personally.   The principal defendant, Philip V. R. Stanton, testified that he had rendered services for the executors from January, 1867, down to 1871; that no demand for pay-ment of the mortgage had ever been made by the executors since his employ-ment began; that they never mentioned the mortgage, and never made a claim against him therefor.   The court refused to admit testimony as to the value of his services.   Judgment was rendered for plaintiff, and defendants appeal.
Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*P. V. R. Stanton,* for appellants.   *Stewart & Sheldon, (Edward W. Sheldon,* of counsel,) for respondent.

PRATT, J.   The defense of the statute of limitations must prevail, unless the testimony of George P. Leveridge as to the date of the last payment on the bond is sufficient to take the case out of the operation of the statute.   We do not think it should be allowed that effect.   The cross-examination shows the witness had no present memory of the transaction.   He infers that the payment was made at the date recited on the writing, but he does not claim any knowledge on the subject.   He does not remember receiving the money, and frankly says that, if his father had told him to make the indorsement, he would have done so, in reliance upon the order.   A change of 13 days in the alleged date of payment would complete the 20 years required for the bar of the statute.   It is entirely consistent with the evidence of the witness that the payment may have been made 13 days before the indorsement, in which case the action is barred.

We think the evidence sufficient to establish payment.   It appeared that the principal defendant was employed by the executors to protect the estate during four years.   They had the right to employ counsel to defend litigations, and to pay the counsel by a credit on the bond made by him, then in their possession.   The proof of his services, coupled with the evidence that after he rendered them no demand was made for payment of the bond, and no attempt made to foreclose the mortgage, is strong evidence that they were regarded as applied upon the bond.   To hold otherwise would be to impute neglect and misconduct to the executors, for which we find no warrant in the evidence.   The value of the services thus rendered was not allowed to be shown.   That, we think, was error.   If it equaled or exceeded the amount of the bond, it would be cogent evidence of payment.   Judgment reversed, and new trial ordered.